IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMES R. CALLENDER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. |
| ) | |
| ) | JURY DEMAND |
| TYSON FRESH MEATS, INC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, JAMES R. CALLENDER, JR., by and through his attorney of record, and brings suit against Defendant TYSON FRESH MEAT, INC. and would state unto the Court as follows:

1. The Plaintiff's causes of action arise in tort under common law, Title VII of the Civil Rights Act found at 42 U.S.C.A § 2000e et seq., the Age Discrimination in Employment Act found at 29 U.S.C.A. 621 et seq. and the Tennessee Human Rights Act found at T.C.A. § 4-21-101 et seq., the laws of the State of Tennessee and Federal law and Plaintiff seek damages he sustained as a result of discrimination and retaliation based on Plaintiff's ethnicity and age.

2. The Plaintiff James R. Callender, Jr. is a resident and citizen of Davidson County, Tennessee.

3. The Defendant Tyson Fresh Meats, Inc. (hereinafter "Tyson") is a corporation formed and operating under the laws of the State of Delaware and can be

served via its registered agent: C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929. At all times material hereto, Tyson owned and operated a plant located at 201 Cartwright Street, Goodlettsville, Tennessee, which is located in Davidson County.

4. Venue and jurisdiction are proper in this Court as exhausted his administrative remedies with the U.S. Equal Employment Opportunity Commission on or about January 14th, 2015.

5. Plaintiff is a Caucasian and is over the age of forty (40) and, thus, is a member of a protected class and was all times material hereto an employee of Defendant Tyson.

6. Tyson is a nationwide corporation with more than 15 employees, with its primary business being packaging and selling meat products.

7. Plaintiff began his employment with Tyson as a production supervisor on or about November 27th, 2006 in Texas. In or about December of 2009, Plaintiff moved to the Nashville area and transferred his employment to the Tyson plant in Goodlettsville, Tennessee. Upon transfer, Plaintiff remained a production supervisor. During his entire tenure at Tyson, Plaintiff was considered a great employee with a great record. He yearly received promotions, good reviews and merit raises

8. Despite Plaintiff's exemplary record, Plaintiff was discriminated against based on his race and age by Defendant. He was given an unequal work load compared to other supervisors who were not the same race and/or who were younger. He was not afforded the same scheduling flexibility and not allowed to work overtime as other supervisors that were not in his protected class. Further, he was held to a higher

standard than these supervisors as the other supervisors' production levels were less than Plaintiff, yet such supervisors were never disciplined and/or terminated.

9. In addition to the unfair and illegal treatment, in or about June the management began to targeting Plaintiff because of his race and/or his age by fabricating reasons to discipline Plaintiff. Pursuant to this plan and design, on or about June 20, 2013, Ken Jenkins, the first shift general supervisor, without cause and under a pretext, gave Plaintiff a written reprimand.

10. As the written reprimand was based on a pretext and as a result of the discrimination and mistreatment Plaintiff experienced, Plaintiff had a meeting with the human resources director, Gary Denton, and advised Denton that Plaintiff was being treated unfairly and being held to a higher standard compared to other supervisors based on his race and age. Plaintiff stated he had been given a written reprimand by Jenkins without cause and that other supervisors who were of a different race and younger, were performing below his level of performance and, yet, such supervisors were not disciplined.

11. As a result of Plaintiff's legitimate and well-founded complaints of illegal discrimination and in retaliation for such complaints, Jenkins and Denton met with Plaintiff and implemented a "30 day action plan", which essentially was a 30 day probation period. The terms and condition of the action plan were against company policy, were unreasonable, unfair and discriminatory in nature as such held Plaintiff to a higher standard and placed him under stricter and unprecedented scrutiny than other supervisors that were of a different race and/or younger.

12. After the implementation of the action plan, Plaintiff's performance and quality of work continued to exceed that of other supervisors that were not of his protected class and because Jenkins intended to discriminate against Plaintiff and retaliate against him for complaining about illegal discrimination, Jenkins weekly gave Plaintiff poor reviews. At the end of the period of the action plan, on August 5th, 2013, Plaintiff was wrongfully and illegally discharged under a pretext of poor job performance. Such termination was a result of his race and/or age and/or in retaliation for complaining about and/or opposing illegal discrimination as other employees that were performing below Plaintiff's level and who were of a different race and/or younger and/or who had not complained of illegal discrimination were not disciplined or terminated.

13. As a direct and proximate result of Defendant's action set forth herein, Plaintiff suffered monetary losses, lost wages, mental anguish, pain and suffering, embarrassment and humiliation, loss of enjoyment of life and other injuries, damages and losses. Plaintiff continues to suffer such injuries, damages and losses and will suffer such injuries and losses in the future.

## COUNT ONE: DISCRIMINATION

14. Plaintiff herein adopts and re-alleges Paragraphs 1-13 above as if fully set forth herein.

15. Defendants' actions as set forth herein are in violation of Title VII of the Civil Rights Act found at 42 U.S.C.A § 2000e et seq., the Age Discrimination in Employment Act found at 29 U.S.C.A. 621 et seq. and the Tennessee Human Rights Act found at T.C.A. § 4-21-101 et seq., which prohibits an employer, *inter alia*, from

discriminating against an employee based on an individual's ethnicity and/or age and retaliating against an employee who has complained of discrimination.

16. Defendant's actions as set forth herein constitute illegal retaliation as Defendant retaliated against Plaintiff once he complained of the harassment.

17. As a direct and proximate result of Defendant's aforementioned actions, omissions and violations, Plaintiff has suffered injuries and losses, including, but not limited to, mental anguish, embarrassment and humiliation, pain and suffering, lost wages, loss of enjoyment of life and cost and expenses and additional injuries and losses. Plaintiff continues to suffer such injuries and losses and seeks all damages to which he is legally entitled, including, but not limited to, any and all damages set forth in 42 U.S.C.A. § 2000e et seq., 29 U.S.C.A. 621 et seq., T.C.A. § 4-21-101 et. seq., compensatory damages, special and incidental damages, punitive damages, costs and attorney's fees.

## COUNT TWO: RETALIATORY DISCHARGE

18. Plaintiff herein adopts and re-alleges Paragraphs 1-17 above as if fully set forth herein.

19. Defendant's actions as set forth herein constitute common law wrongful termination as Plaintiff was terminated for reasons which are against public policy.

20. In the alternative or in addition, Plaintiff would aver that Plaintiff was terminated in violation of 42 U.S.C.A. § 2000e et seq., 29 U.S.C.A. 621 et seq., and T.C.A. § 4-21-101 et. seq. as he was terminated for reporting and/or opposing illegal discrimination.

21. As a direct and proximate result of Defendant's aforementioned actions, omissions and violations, Plaintiff has suffered injuries and losses, including, but not limited to, mental anguish, embarrassment and humiliation, pain and suffering, lost wages, loss of enjoyment of life and cost and expenses and additional injuries and losses. Plaintiff continues to suffer such injuries and losses and seeks all damages to which he is legally entitled, including, but not limited to, any and all damages set forth in 42 U.S.C.A. § 2000e et seq., 29 U.S.C.A. 621 et seq. and T.C.A. § 4-21-101 et. seq., compensatory damages, special and incidental damages, punitive damages, costs and attorney's fees.

## COUNT TWO: PUNITIVE DAMAGES

22. Plaintiff herein adopts and re-alleges Paragraphs 1-21 above as if fully set forth herein.

23. Defendant's actions as set forth herein were intentional, reckless, malicious and/or outrageous, thus entitling Plaintiff to punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that proper process issue and be served upon the Defendant, requiring it to answer the Complaint within the time prescribed by law and demands a jury and a judgment against the Defendants for:

1. Compensatory damages to be determined by the Jury but not to exceed three hundred thousand dollars ($300,000);

2. Damages pursuant to 42 U.S.C.A. § 2000e et seq., 29 U.S.C.A. 621 et seq. and T.C.A. § 4-21-101 et. seq. et seq. in an amount to be determined by the Jury but not to exceed three hundred thousand dollars ($300,000);

3. A declaratory judgment that Defendants' actions were illegal and an injunction prohibiting further violations of 42 U.S.C.A. § 2000e et seq., 29 U.S.C.A. 621 et seq. and T.C.A. § 4-21-101 et. seq..

4. Special, incidental and punitive damages in an amount to be determined by the Jury.

5. Costs, pre and post judgment interest and attorney's fees in an amount to be proven at trial;

6. Any and all other general and equitable relief to which Plaintiff is entitled and which justice may require.

        Respectfully submitted,

**HAYNES, FREEMAN & BRACEY, PLC**

By: /s/ Kirk L. Clements
    **KIRK L. CLEMENTS, BPR No. 020672**
    Attorney for Plaintiff
    140 North Main Street
    P.O. Box 527
    Goodlettsville, Tennessee 37072
    (615) 859-1328
    kirk@haynes-freeman.com